UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MURALIDHARAN KRISHNAN | § | |
| INDIRAGANDHI KENTHAPADI, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-63 |
| | § | |
| ALLEY HUSSAIN ZAIDI, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS PETE NANTIRUX, AMANDA HINKLE, MICHAEL HARRISON, RUDY GONZALEZ, AND BECKY HOWELL'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants PETE NANTIRUX, AMANDA HINKLE, MICHAEL HARRISON, RUDY GONZALEZ AND BECKY HOWELL'S (hereinafter "BDF Defendants"), file this Motion to Dismiss in response to Plaintiffs' Complaint ("Complaint") [Doc. 1] because Plaintiffs' Complaint fails to state a claim against Firm and Trustee Defendants upon which relief can be granted. In support of the foregoing, Firm and Trustee Defendants would respectfully show the Court the following: since

## I.
## SUMMARY

1.      This is Plaintiffs latest attempt to re-litigate claims previously dismissed by this Court in regard to foreclosure activities in connection with their loan secured by the Property located at 8528 Maltby Court, Plano, TX 75024 (the "Property"). Barrett Daffin Frappier Turner & Engel, LLP  ("Barrett Daffin") is the law firm that was retained by Defendant JPMorgan Chase Bank, N.A. ("JPMC") to assist in the foreclosure of certain real property formerly owned by Plaintiffs. Defendants Amanda Hinkle, Michael Harrison, Rudy Gonzalez and Becky Howell are

the substitute trustees appointed to conduct the foreclosure of the Property made subject of this suit.  The Substitute Trustees, along with Pete Nantirux, are employees of BDF Law Group, an affiliated service provider for Barrett Daffin.  The BDF Defendants were named herein solely as their names appears on the Notice of Substitute Trustee Sale, are not necessary parties herein.  As detailed by JPMC in their Motion to Dismiss [Doc. 14], the history of the litigation in District and Bankruptcy Court with Plaintiffs is quite extensive.[1]  Plaintiffs suit herein attempts to rehash many of the same issues presented in the prior matters.  Regardless of the manner Plaintiffs attempt to crouch their complaints, they have failed to state a claim against the BDF Defendants upon which relief can be granted.

2.      No claims have been asserted against BDF Defendants and no claims can be asserted by Plaintiffs that arise out of any conduct other than the BDF Defendants actions taken on behalf of the law firm's legal representation of JPMC in protecting the client's interest in the Property or in acting as a substitute trustee with regard to the Property.  Plaintiffs' Complaint is devoid of any actions taken by BDF Defendants that would subject the employees, trustees or the law firm to liability for conduct outside of its scope of representation of JPMC in regard to JPMC's efforts at foreclosure of the Property.

3.      *Pleadings.*  Plaintiffs' unintelligible complaint alleges various federal and state law causes of action, yet all claims appear to be solely in connection with BDF Defendants  and Barrett Daffin's representation of JPMC with foreclosure it has been included in this lawsuit.  Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim

---

[1] After a lengthy delay during a bankruptcy (*Muralidharan Krishnan (Murali), Indiriangandhi V. Kenthapadi v. JPMorgan Chase Bank, N.A. et al.*, Civil Action No. 4:15-cv-000632-RC-KPJ in the United States District Court for the Eastern District of Texas, Sherman Division) , Plaintiffs filed a Second Amended Complaint asserting claims similar to those asserted here. This Court dismissed Plaintiffs' claims on December 1, 2017 and Plaintiffs appealed. The appeal to the Fifth Circuit remains pending.

upon which relief can be granted and conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).  Plaintiffs' claims fail and should be dismissed.

## II.
## ADOPTION BY REFERENCE

4.      Pursuant to Fed. R. Civ. P. 10(c), BDF Defendants adopt by reference Defendant Barrett Daffin's Motion to Dismiss [Doc. No. 18] and to the extent applicable, incorporates same as if set out herein.

## III.
## ARGUMENT AND AUTHORITIES

### A.      Dismissal is Proper Under Rule 8 of the Federal Rules of Civil Procedure

5.      Plaintiffs' Complaint is subject to dismissal because it fails to satisfy the requirements of Rule 8.  Under Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." See Fed. R. Civ. P. 8.  Further, Rule 8(d), specifically states that "[e]ach allegation must be simple, concise, and direct." Id.   To avoid judgment on the pleadings or dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (2007). "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."  *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).  A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement. *See Kuehl v. Fed. Deposit Ins. Corp.*, 8 F.3d 905, 908 (1st Cir. 1993).  It is appropriate to strike a pleading for gross violation of Rule 8, or when material contained in pleading is scandalous, immaterial or redundant.  *See Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n.2 (8th Cir. 1979).  Plaintiffs' Complaint fails to meet the Rule 8 standards.

**B.**     <u>The Applicable Standard for a 12(B)(6) Motion</u>.

6.     To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007).  Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74.  Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).  A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id.* at 1966. This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

**C.**     <u>Request for Judicial Notice</u>

7.     In determining the validity of a Rule 12(b)(6) motion, the Court may "consider matters of which [it] may take judicial notice." *Hall v. United States*, Civil Action No. 6:06-CV-528, 2008 WL 276397 at *2 (E.D. Tex. Jan. 30, 2008) (quoting *Meador v. Oryx Energy Co.,* 87 F. Supp. 2d 658, 661 (E.D. Tex.2000) (quoting *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir.1996)). Matters of public record and items appearing in the record of the case may also be considered. *Id.* (citing *Meador,* 87 F. Supp. 2d at 661); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). It is appropriate for the Court to take judicial notice of pleadings and orders in prior actions in the context of a motion to dismiss. *Meyers v. Textron, Inc.*, 540 Fed. Appx. 408, 410 (5th Cir. 2013). Accordingly, Defendant respectfully

asks the Court to take judicial notice of the pleadings from the prior suit, Civil Action No. 4:15-cv-000632-RC-KPJ.

**D.   FRAUD**

8.   **Failure to Comply with Fed. R. Civ. P. 9(b)**.   Plaintiffs' claims of fraud should be dismissed for the reason that they fail the elevated pleading standard of Federal Rule of Civil Procedure 9(b). Federal rules require that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) imposes a heightened level of pleading for fraud claims, requiring a party alleging common law fraud to plead the surrounding circumstances with particularity. Fed. R. Civ. P. 9(b); *see Tuchman v. DSC Comm'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994), cert. denied, 522 U.S. 966 (1997).   Further, the Fifth Circuit has required the plaintiff to include allegations of "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman*, 14 F.3d at 1068.   Based upon this heightened pleading standard, Plaintiffs' claim for fraud are inadequate and should be dismissed.

9.   **Plaintiffs Fail to State a Claim for Fraud.**   Plaintiffs' claim for fraud fails.   To prevail on a fraud claim, a plaintiffs must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied on the representation, which caused injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 781 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).   Plaintiffs' Complaint contains no such

information and is wholly devoid of any factual information of any nature identifying the who, what, when, where and how of Plaintiff's fraud claim.  Accordingly, Plaintiff's fraud claim fails to state a claim upon which relief can be granted.

**E.     Remainder of Plaintiffs' Causes of Action all Fail as a Matter of Law**

10.     <u>**RICO/ Mail and Wire Fraud Violations**</u>.    Plaintiffs complain that BDF Defendants are liable under RICO for mailing paperwork regarding the foreclosure. First, to the extent the BDF Defendants were acting on behalf of the law firm, their actions are entitled to attorney immunity as employees of the firm.  Further, in order to state a claim for civil RICO, under 18 U.S.C. § 1961, et seq., a plaintiff must allege that there is (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000).  If a Plaintiff fails to satisfy any one of the three prerequisites, the Court need not analyze the substantive requirements of the respective *RICO* subsections. *Id.*   Mail and wire fraud under RICO also require the plaintiff to plead (1) a scheme or artifice to defraud or to obtain money by means of false pretenses, representations, or promises; (2) use of the mails or wires for the purpose of executing the scheme; and (3) a specific intent to defraud by either devising, participating in, or abetting the scheme.

11.     Plaintiffs contend that BDF Defendants  violated RICO by mailing paperwork to them during the foreclosure process, as required by the Plaintiffs' Deed of Trust and the Texas Property Code.  Plaintiffs fail to state what scheme was used to defraud Plaintiffs, and what factual allegations constitute the specific intent possessed by the defendants, which is required to successfully plead a RICO claim. Plaintiffs' RICO and mail/ wire fraud allegations should be dismissed.

12.   **FDCPA and TDCA.**  Plaintiffs merely allege that BDF Defendants are liable under FDCPA and TDCA, but state that only that defendants fraudulently foreclosed.  Without more, these skeletal allegations do not rise to a complaint for either FDCPA or TDCA.  Plaintiffs fail to specify what sections of either the Fair Debt Collection Practices Act or the Texas Debt Collection Act that BDF Defendants  violated.   Further, as substitute trustees and employees of Barrett Daffin, BDF Defendants at no time attempted to collect a debt from Plaintiffs and thus are not subject to liability under either act.

13.   **Wrongful Foreclosure.**  In Texas, the elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster v. Deutsche Bank Nat'l Trust Co.,* 848 F.3d. 403 (5th Cir. 2017); (*Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 139 (Tex. App. 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex.App.1989, writ denied)).  Plaintiffs failed to allege how there was a defect in foreclosure sale, that led to a grossly inadequate price. Further, Plaintiffs fail to allege how BDF Defendants would be liable under their wrongful foreclosure claim merely as the substitute trustees, or employees of Barrett Daffin.  Plaintiffs' claim fails as a matter of law and should be dismissed.

14.   **Civil Rights Violations**.  Plaintiffs allege that they were subject to fraudulent filings due to discrimination against them since they are immigrants from another country. However, Plaintiffs do not identify what statute or act upon which they allege discrimination, nor do they identify which Defendants supposedly filed Collin County Documents, nor which documents were allegedly discriminatory.   Plaintiffs previously asserted civil rights or discrimination claims in their prior dismissed litigation and this claim is barred by res judicata.

Further, there is no private right of action for discrimination in this context.  Plaintiffs' conclusory threadbare allegations do not support any cause of action, let alone a civil rights violation and should be dismissed with prejudice. *Twombly*, 550 U.S. at 555 (2007).

15.   **Negligent Infliction of Emotional Distress Intentional Infliction of Emotional Distress.** First, under Texas law, there is no general duty to avoid negligently inflicting mental anguish upon others. *SCT Texas Funeral Services, Inc. v. Nelson*, 540 S.W.3d 539, 544 (Tex. 2018); *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).    Second, BDF Defendants assert that Plaintiffs' intentional infliction of emotional distress ("IIED") fails and should be dismissed.  To allege a claim for intentional infliction of emotional distress, a plaintiff must allege : (1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017), reh'g denied (Sept. 22, 2017).  To be extreme and outrageous the conduct must be, "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *See Tiller v. McLure*, 121 S.W.3d 709 (Tex. 2003). A defendant's conduct is not extreme and outrageous just because it is tortious or otherwise wrongful.  *Bradford* at 758 (Tex. 2001). A defendant's conduct is not extreme and outrageous when the defendant asserts a legal right in a permissible way, even if the defendant is aware that this assertion is certain to cause emotional distress. *See generally*, *Wornick Co. Casas*, 856 S.W.2d 732 (Tex. 1993).   Plaintiffs alleges no specific conduct by BDF Defendants that was either extreme or outrageous.  The only conduct complained of by Plaintiffs, the foreclosure activities, were as a result of Plaintiffs default.  As substitute trustees and employees of the law firm retained to represent JPMC, the actions taken by BDF Defendants were all legally permissible.  Therefore Plaintiffs claims must be dismissed.

16.    **Credit Damage**. Plaintiffs generally allege that all Defendants caused their "credit damage" because they were forced to file bankruptcy.  Plaintiffs voluntary bankruptcy filings and the effect that had or has upon their credit is not as a result of any conduct by BDF Defendants  . Plaintiffs do not allege any specific act by BDF Defendants that caused them damage, let alone damage to their credit. Plaintiffs' claims for credit damage should be dismissed as a matter of law.

## IV.

## DISMISSAL WITH PREJUDICE

17.    The Court should deny Plaintiffs an opportunity to amend because any amendment to their pleadings would be futile as to Barrett Daffin.  *See SB. Intern., v. Jindal,* 2007 WL 2410007, * at 3 (N.D. Tex. Aug. 23, 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abruzzo v. PNC Bank, N.A.,* 2012 WL 3200871, at *3 (N.D. Tex. July 30, 2012) (denying leave to amend with respect to claims that fail as a matter of law).  BDF Defendants  s Motion to Dismiss should be granted because the Plaintiffs claims against BDF Defendants are barred. Even if allowed the opportunity to amend, Plaintiffs cannot assert a viable claim against BDF Defendants .  As such, Plaintiff's claims against BDF Defendants  should be dismissed with prejudice pursuant to Rule 12(b)(6).

## V.
## PRAYER

Pursuant the reasons set out herein, Defendants PETE NANTIRUX, AMANDA HINKLE, MICHAEL HARRISON, RUDY GONZALEZ AND BECKY HOWELL respectfully request that the Court dismiss Plaintiffs' Complaint against it for failure to state a claim upon which relief can be granted and further requests that the Court grant it any and all additional relief, whether at law or in equity, to which it may be justly entitled.

**HOPKINS LAW, PLLC**

*/s/ Mark D. Hopkins*
**Mark D. Hopkins**
State Bar No. 00793975
**Shelley L. Hopkins**
State Bar No. 24036497
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

ATTORNEYS FOR BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP, PETE NANITRUX, AMANDA
HINKLE, MICHAEL HARRISON, RUDY GONZALEZ
AND BECKY HOWELL

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

VIA CM/RRR # 7015 1520 0001 3934 2269
AND VIA REGULAR MAIL
**Muralidharan Krishnan**
8528 Maltby Court
Plano, TX 75024
PRO SE

VIA CM/RRR # 7015 1520 0001 3934 2276
AND VIA REGULAR MAIL
**Indiragandhi Kenthapadi**
8528 Maltby Court
Plano, TX 75024
PRO SE

VIA ECF
**John Walter Reeder**
John W. Reeder - Attorney at Law
555 Republic Drive
Ste 200
Plano, TX 75074
Email: john@reederlegal.com

VIA ECF
**Marcie Lynn Schout**
Quilling Selander Lownds Winslett & Moser, PC - Dallas
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Email: mschout@qslwm.com

VIA ECF
**Hossain Arnold Shokouhi**
McCathern, LLP
3710 Rawlins Street
Suite 1600
Dallas, TX 75219
Email: arnolds@mm-llp.com

_/s/ Mark D. Hopkins_____
Mark D. Hopkins