# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MURALIDHARAN KRISHNAN, ET AL., | § |
| | § Civil Action No. 4:19-CV-63 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| ALLEY HUSSAIN ZAIDI, ET AL. | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 16, 2019, the report of the Magistrate Judge (Dkt. #57) was entered containing proposed findings of fact and recommendations that each of the Defendants JP Morgan Chase Bank, N.A., PerisonPatterson, Alley Hussain Zaidi, Syed Alley H. Zaidi, Alley Brothers, LLC, Barrett Daffin Frappier Turner & Engel, LLP, Pete Nantirux, Amanda Hinkle, Michael Harrison, Rudy Gonzales, and Becky Howell's respective Motions to Dismiss (Dkts. #14, #15; #16; #18; #19, #56) be granted, and that Defendants' Motion for Security and Motion for Sanctions (Dkts. #15, #50) be denied. Having received the report of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #64), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

On November 23, 2004, Plaintiffs executed a Promissory Note ("Note") and Deed of Trust ("DOT") encumbering the property located at 8528 Maltby Court in Plano, Texas (the "Property"). Cause No. 4:15-cv-632 (E.C.F. No.5). Although the DOT was originally executed in favor Washington Mutual Bank, FA ("WAMU"), Defendant Chase Bank became beneficiary of the DOT in 2008 when WAMU was closed by the Office of Thrift Supervision. Cause No. 4:15-cv-632 (E.C.F. No.5). Plaintiffs thereafter defaulted on the Note and foreclosure proceedings were

initiated under the terms of the DOT.  Cause No. 4:15-cv-632 (E.C.F. No. 5).

This case represents the latest in a string of actions either filed or removed to this Court by Plaintiffs regarding the Property.  *See* Cause No. 4:15-cv-00632; 4:18-cv-00258; 4:18-cv-00577; 4:18-cv-00742.  In 2015, Plaintiffs filed suit in the 416th Judicial District Court of Collin County, Texas seeking to enjoin foreclosure of the Property.  Cause No. 4:15-cv-632 (E.C.F. No. 5).  That suit was removed to the Eastern District of Texas, and ultimately was dismissed with prejudice on December 1, 2017.  Cause No. 4:15-cv-632 (E.C.F. No. 163).  The Fifth Circuit affirmed dismissal on May 21, 2019.  Cause No. 4:15-cv-632 (E.C.F. No. 201).  Notwithstanding, Plaintiffs continue to seek to "revers[e] this major legal error after appeal to Court of Appeals for the 5th circuit" (Dkt. #64).  In the instant suit, filed by Plaintiffs on January 29, 2019, many of the same claims dismissed in previous action(s) are again raised (Dkt. #1), and Plaintiffs also now seek money damages for the allegedly-fraudulent foreclosure sale of the Property in February 2018 (Dkt. #1 at p. 11).

Each of the named Defendants have moved to dismiss Plaintiffs' claims (Dkts. #14; #15; #16; #18; #19; #56).  On August 16, 2019—after the filing of numerous Responses (Dkts. #32; #33; #34; #35; #36), Replies (Dkts. #38; #39; #41), and Sur-Replies (Dkts. #47; #48; #49)—the Magistrate Judge issued a Report and Recommendation, recommending each of Defendants' individual Motions to Dismiss be granted and further that Defendants' Motion for Security and Motion for Sanctions (Dkts. #15; #50) be denied (Dkt. #57).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).  Plaintiffs

filed Objections on August 30, 2019 (Dkt. #64). Plaintiffs' first object to the Report as "premature" because the Court has not yet considered Plaintiff's pending Motion for Summary Judgment (Dkt. #60). The remainder of Plaintiffs' Objections are composed of the same conclusory fraud accusations as Plaintiffs' complaint and their continued assertion that all "documents filed by defendants are fraudulent and hence it vitiates everything under Fraud Vitiates Everything Doctrine" (Dkts. #1, #64).

Notably, the Report found that, "with the exception of claims premised on actions taken in connection with the February 2018 foreclosure sale, Plaintiff's claims are barred by res judicata." Plaintiff argues res judicata cannot apply because "the new evidence/authentication was available only after April 2018 by investigators and the other/earlier fraud was ignored by this court." The Magistrate Judge expressly noted that res judicata did not apply to claims premised on actions taken in connection with the February 2018 foreclosure sale. Moreover, Plaintiff's fraud assertions do not preclude the application of res judicata for claims premised on actions prior to the February 2018 foreclosure sale. "It is black-letter law that *res judicata* . . . bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691 (5th Cir. 2017).

The Report further found that Plaintiffs failed to state a claim for wrongful foreclosure, fraud and RICO violations, discrimination, negative credit reporting, and/or intentional or negligent infliction of emotional distress. Underlying each of these claims are Plaintiffs' continued proclamations regarding Defendants' alleged widespread fraud. While a full recitation of the federal pleading standard is unnecessary, a brief synopsis of *Twombly's* "two-step" analysis is illustrative as it relates to these claims dismissed under 12(b)(6). First, a Court reviewing a

12(b)(6) motion to dismiss, must accept as true all the allegations contained in a complaint that don't constitute legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2005)). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950 (citing *Twombly*, 550 U.S. at 556). Plaintiff's pleadings fall short of satisfying the requirements of *Twombly*; and their Objections provide no relief from such deficiency (Dkts. #1; #64). Other than citing to numerous cases ostensibly supporting their continued assertion that "fraud vitiates everything," and making broad sweeping statements such as "there is [too] much fraud to list in this case," Plaintiffs' Objections fail to establish their remaining claims are not properly subject to dismissal under Rule 12(b)(6) or that any of the Magistrate Judge's findings are in error (Dkt. #64).

As for Plaintiffs' contention that the Report is premature given the filing of Plaintiffs' Motion for Summary Judgement, Plaintiffs produce no authority to support such a proposition, nor is the Court aware of any such requirement (Dkt. #64 at p. 1). The Motions to Dismiss were ripe for consideration by the Court. The Court need not wait for the expiration of the dispositive motions deadline to rule upon a motion to dismiss. Plaintiffs' Objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #64), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #57) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants JP Morgan Chase Bank, N.A., PerisonPatterson, Alley Hussain Zaidi, Syed Alley H. Zaidi, Alley Brothers, LLC, Barrett Daffin Frappier Turner & Engel, LLP, Pete Nantirux, Amanda Hinkle, Michael Harrison, Rudy Gonzales,

and Becky Howell's respective Motions to Dismiss (Dkts. #14; #15; #16; #18; #19; #56) are **GRANTED**. Plaintiffs' claims are dismissed with prejudice.

It is further **ORDERED** that Defendant PeirsonPatterson, LLP's Motion for Security (Dkt. #15) is **DENIED**.

It is further **ORDERED** that Defendants Alley Hussain Zaidi, Syed Alley H. Zaidi, and Alley Brothers, LLC's Motion for Sanctions (Dkt. #50) is **DENIED**.

All other relief not expressly granted is **DENIED**.

The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED**.

**SIGNED this 26th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE